872 F.2d 419
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Henry TAYLOR, Jr., Plaintiff-Appellant,
v.
Edward Murray, William P. Rogers, Thomas R. Israel, Ruffus
Flemming, Larry W. Jarvis, Edward Meeks,
Defendants-Appellees.
 No. 88-7821.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 31, 1989.
Decided March 10, 1989.
 
 Henry Taylor, Jr., appellant pro se.
 Mark R. Davis, Office of the Attorney General of Virginia, for appellees.
 Before K.K. HALL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Henry Taylor, Jr., an inmate incarcerated in Virginia, filed this suit against corrections officials, ostensibly pursuant to 42 U.S.C. Sec. 1983. He alleged that the rate at which he received good-time credits was changed based upon his commission of an offense for which no prison rule or regulation existed (i.e., "Unauthorized Contact with Staff"). The complaint sought, inter alia, damages and restoration of good time. The district court granted a motion for summary judgment filed by the defendants, concluding that none of Taylor's constitutional rights had been violated. We vacate the district court's order and remand the case for further proceedings consistent with this opinion.
 
 
 2
 A suit seeking restoration of good-time credits is properly characterized as a habeas corpus action, requiring exhaustion of state remedies. See Preiser v. Rodriquez, 411 U.S. 475 (1973); Kirby v. Blackledge, 530 F.2d 583, 587 (4th Cir.1976). The record on appeal contains no indication that Taylor exhausted his remedies, nor did the respondents expressly waive exhaustion. We note that we have the authority to consider the merit of an unexhausted claims. See Granberry v. Greer, 55 U.S.L.W. 4494 (U.S. Apr. 21, 1987) (No. 85-6790). We decline to do so in this case, however, because Taylor presents a facially colorable claim which should be addressed by the state courts in the first instance.* Therefore, on remand, the district court should determine whether Taylor has pursued state remedies. The Sec. 1983 suit for damages should be stayed pending exhaustion because of possible statute of limitations problems faced by Taylor should he decide to refile the suit upon satisfaction of the exhaustion requirement. See Wilson v. Garcia, 471 U.S. 261 (1985); Va.Code Ann. Sec. 8.01-243(A); Hamlin v. Warren, 664 F.2d 29, 32 (4th Cir.1981), cert. denied, 455 U.S. 911 (1982).
 
 
 3
 We dispense with oral argument because the dispositive issue was recently decided and argument would not aid the decisional process.
 
 
 4
 VACATED AND REMANDED.
 
 
 
 *
 Although we express no opinion as to the merits of Taylor's contentions, some jurisdictions have held that a prisoner is constitutionally entitled to "fair notice" of what conduct is proscribed, at least when significant sanctions are involved. See, e.g., Gibbs v. King, 779 F.2d 1040, 1044 (5th Cir.), cert. denied, 476 U.S. 1117 (1986); Hamilton v. Love, 358 F.Supp. 338, 346 (E.D.Ark.1973); Landman v. Royster, 333 F.Supp. 621, 656 (E.D.Va.1971)